**SHERIDAN & MURRAY, LLC**
By: Thomas W. Sheridan
Christopher D. Hinderliter
403 South White Horse Pike                    Attorneys for the Plaintiffs
Audubon, NJ 08106
(856) 216-2200

| | |
|---|---|
| MICHAEL TREIBER<br>400 East 84th Street, Apartment 35A<br>New York, NY 10028; | **UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY** |
| ANGELA TREIBER<br>400 East 84th Street, Apartment 35A<br>New York, NY 10028; | Civil No. 08-1476-RBK-AMD |
| v. | |
| ALFRED KRUG<br>3566 Baldwin Drive<br>Easton, PA 18045; | |
| ELFRIEDE KRUG<br>3566 Baldwin Drive<br>Easton, PA 18045; | JURY TRIAL DEMANDED |
| JW HAND & SONS<br>448 Dias Creek Road<br>Cape May Court House, NJ 08210; | |
| RAILING DYNAMICS, INC.<br>135 Steelmanville Road<br>Egg Harbor Township, NJ 08234; | |
| DELAWARE MOULDING & MILLWORK, Inc.;<br>617 Market Street<br>Bridgeville, DE 19933; | |
| THE MOULDING & MILLWORK CO., INC.<br>9325A Snowden River Parkway<br>Columbia, MD 21046; | |
| HB&G BUILDING PRODUCTS, INC.<br>350 Hendricks Road<br>Troy, AL 36081; | |
| JOHN DOES 1-10. | |

## PLAINTIFFS' SECOND AMENDED CIVIL ACTION COMPLAINT

## AND DEMAND FOR JURY TRIAL

Plaintiffs, Michael Treiber and Angela Treiber, by and through their attorneys, Sheridan & Murray, LLC, for causes of action against the defendants, complain as follows:

**I.      Parties**

1.      Plaintiff, Michael Treiber, is an adult citizen of the State of New York, residing therein at 400 East 84th Street, Apartment 35A, New York, NY 10028.

2.      Plaintiff, Angela Treiber, is an adult citizen of the State of New York, residing therein at 400 East 84th Street, Apartment 35A, New York, NY 10028.

3.      At all times relevant plaintiffs, Michael Treiber and Angela Treiber, were and are lawfully married.

4.      Defendant, Alfred Krug, is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 3566 Baldwin Drive, Easton, PA 18045.

5.      Defendant, Elfriede Krug, is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 3566 Baldwin Drive, Easton, PA 18045.

6.      Defendant, JW Hand & Sons, is upon information and belief a corporation or other business entity duly organized pursuant to the laws of New Jersey with a principal place of business located at 448 Dias Creek Road, Cape May Court House, NJ 08210.

7.      Defendant, JW Hand & Sons, is upon information and belief a distributor and installer of the defective railing at issue in this case.

8.      Defendant, Railing Dynamics, Inc., is upon information and belief a corporation duly organized pursuant to the law of New Jersey with a principal place of business located at 135 Steelmanville Road Egg Harbor Township, NJ 08234.

9. Defendant, Railing Dynamics, Inc., is upon information and belief a distributor of the defective railing at issue in this case.

10. Defendant, Delaware Moulding & Millwork, Inc. is upon information and belief a corporation duly organized pursuant to the laws of the state of Maryland with a principal place of business at 617 Market Street, Bridgeville, DE 19933.

11. Defendant, Delaware Moulding & Millwork, is upon information and belief a distributor of the defective railing at issue in this case.

12. Defendant, The Moulding & Millwork Co., Inc. is upon information and belief a corporation duly organized pursuant to the laws of the state of Virginia with a principal place of business at 9325A Snowden River Parkway, Columbia, MD 21046.

13. Defendant, The Moulding & Millwork Co., Inc. is upon information and belief a distributor of the defective railing at issue in this case.

14. Defendant, HB&G Building Products, Inc. is upon information and belief a corporation duly organized pursuant to the laws of Delaware with a principal place of business at 350 Hendricks Road, Troy, AL 36081.

15. Defendant, HB&G Building Products, Inc. is upon information and belief the distributor, designer and/or manufacturer of the defective railing at issue in this case.

16. At all times relevant, defendants Alfred Krug and Elfriede Krug acted, or failed to act, individually and/or by and through their employees, agents, servants, workmen, ostensible agents, independent contractors, and/or representatives.

17. At all times relevant, defendant JW Hand & Sons acted, or failed to act, individually and/or by and through its employees, agents, servants, workmen, ostensible agents, independent contractors, representatives and/or ostensible agents, who was/were

acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of JW Hand & Sons' business interests.

18. At all times relevant, defendant Railing Dynamics, Inc. acted, or failed to act, individually and/or by and through its employees, agents, servants, workmen, ostensible agents, independent contractors, representatives and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of Railing Dynamics, Inc.'s business interests.

19. At all times relevant, defendant Delaware Moulding & Millwork acted, or failed to act, individually and/or by and through its employees, agents, servants, workmen, ostensible agents, independent contractors, representatives and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of Delaware Moulding & Millwork's business interests.

20. At all times relevant, defendant The Moulding & Millwork Co., Inc. acted, or failed to act, individually and/or by and through its employees, agents, servants, workmen, ostensible agents, independent contractors, representatives and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of The Moulding & Millwork Co.'s business interests.

21. At all times relevant, defendant HB&G Building Products, Inc. acted, or failed to act, individually and/or by and through its employees, agents, servants, workmen, ostensible

agents, independent contractors, representatives and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of HB&G Building Products' business interests.

22. At all times relevant, defendants, John Does 1-10, acted and/or failed to act, individually, and/or by and through their actual and/or apparent subsidiaries, agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of the named defendants' business interests.

## II.  Jurisdiction, Venue, and Compulsory Arbitration

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds Seventy Five Thousand ($75,000) Dollars, exclusive of interest and costs.

24. This Court has personal jurisdiction because the defendants have minimum contacts with the State of New Jersey and the exercise of personal jurisdiction comports with Due Process.

25. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred within this Judicial District.

26. This case is not subject to compulsory arbitration under Local Civil Rule 201.1(d) because the damages recoverable exceed One Hundred and Fifty Thousand ($150,000) Dollars, exclusive of interest, costs, and punitive damages.

### III.  Factual Averments

27. At all times relevant, the Krugs jointly owned the real property located at 189 74th Street, Avalon, New Jersey, including the physical improvements thereon (the "House").

28. Upon information and belief defendant JW Hand & Sons was contracted as the builder of the House.

29. Upon information and belief defendant JW Hand & Sons sold to the Krugs the railings which were installed on the second story decks of the House.

30. Upon information and belief defendant Railing Dynamics, Inc. sold to JW Hand & Sons the railings which were installed on the second story decks of the House.

31. Upon information and belief defendant Delaware Moulding & Millwork sold to Railing Dynamics, Inc. the railings which were installed on the second story decks of the House.

32. Upon information and belief defendant The Moulding & Millwork Co. sold to Delaware Moulding & Millwork the railings which were installed on the second story decks of the House.

33. Upon information and belief defendant HB&G Building Products sold to The Moulding & Millwork Co. the railings which were installed on the second story decks of the House.

34. Upon information and belief, the railings were defective in their design, manufacture, and warnings.

35. Upon information and belief the railings were not reasonably fit, suitable, and safe for their intended purpose

36. Upon information and belief defendant JW Hand & Sons negligently installed the railings located on one of the second story decks of the House.

37. At all times relevant, the Krugs marketed the House as a rental vacation house which was safe, suitable, and in good repair.

38. At all times relevant, the Krugs directed towards the public at large, solicitations that were intended to entice people to rent the House for beach vacations.

39. The Krugs marketed the House with the intent and purpose of making a profit by charging money for rental of the House.

40. Plaintiffs responded to the marketing of the House because they were led to believe that the House would be safe, suitable, and in good repair.

41. Plaintiffs paid the agreed upon rental fee in exchange for use of the House as a beach vacation property.

42. At all times relevant, plaintiffs were business invitees of the Krugs and, as such, they were owed the highest duty of care.

43. Plaintiffs, at all times relevant, exercised all possible due care and caution for their own safety.

44. On or about September 4, 2006, while lawfully upon the House as a business invitee, plaintiff, Mr. Treiber, was severely and permanently injured when a railing on one of the second story decks broke without warning and sent Mr. Treiber plunging to the ground one story below.

45. The Krugs breached the duty of care owed to plaintiff, Mr. Treiber, when they failed to properly and reasonably inspect the House.

46. The Krugs breached the duty of care owed to plaintiff, Mr. Treiber, when they failed to properly and reasonably maintain the House.

47. JW Hand & Sons owed plaintiffs a duty of care to install the railings on the second story decks of the House in a non-negligent manner.

48. Upon information and belief, JW Hand & Sons breached the duty of care owed to plaintiff, Mr. Treiber, when it failed to properly install the railings.

49. Defendants JW Hand & Sons, Railing Dynamics, Inc., Delaware Moulding & Millwork, The Moulding & Millwork Co., and HB&G Building Products owed plaintiffs a duty to design, manufacture, distribute, sell, and place into the stream of commerce only railings that were reasonably fit, suitable, and safe for their intended purpose.

50. Upon information and belief, JW Hand & Sons, Railing Dynamics, Inc., Delaware Moulding & Millwork, The Moulding & Millwork Co., and HB&G Building Products breached the duty of care owed to plaintiff when they designed, manufactured, distributed, sold, and/or placed into the stream of commerce railings that were not reasonably fit, suitable, and safe for their intended purpose.

51. The breaches of these aforementioned duties of care were, and are, the direct and proximate causes of the severe and permanent injuries suffered by plaintiff, Mr. Treiber.

52. The actions and inactions of the defendants inflicted severe and permanent injuries on plaintiff, Mr. Treiber, including the following:

    a.    multiple spine fractures;

    b.    multiple fractured ribs;

    c.    difficulty standing and walking;

    d.    bilateral foraminal stenosis;

  e. canal stenosis;

  f. severe and permanent pain;

  g. constant and permanent discomfort.

53. On account of these severe and permanent injuries, plaintiff, Mr. Treiber, has been forced to undergo extensive medical treatment, including the following:

  a. hospitalization;

  b. inpatient rehabilitation;

  c. wearing of a back brace;

  d. numerous CT scans;

  e. numerous x-rays;

  f. outpatient physical therapy;

  g. multiples MRIs;

  h. radiofrequency denervation;

  i. epidural steroid injections;

  j. surgery.

54. On account of his severe and permanent injuries, plaintiff, Mr. Treiber, will be forced to undergo extensive medical treatment into the future.

55. Due to the severe, permanent, and debilitating nature of his injuries, plaintiff, Mr. Treiber, will never again be able to engage in his normal pre-injury activities and avocations.

56. On or about September 7, 2006, counsel for plaintiff advised the Krugs of the pendency of the action and that they were required to maintain all evidence from the railing collapse.

57. Upon information and belief, in September 2006, soon after the accident, Mitchell Hand, president of defendant JW Hand & Sons, was present at the House and saw the railings and the hardware which had originally secured the railings to the House.

58. Upon information and belief, in September and October of 2006 JW Hand & Sons was present at the House and replaced the collapsed deck railings.

59. On or about August 12, 2008, the parties to this case attended a site inspection at the House at which point it was advised that the hardware could not be located.

60. Upon information and belief either the Krugs or JW Hand & Sons either intentionally or negligently disposed of and thereby spoliated the hardware, which is critical evidence in this matter.

### COUNT I – NEGLIGENCE
### Michael Treiber
### v.
### The Krugs

61. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

62. The Krugs owed to plaintiff, Mr. Treiber, a duty of care to reasonably inspect the House.

63. The Krugs breached the duty owed to plaintiff, Mr. Treiber, when they failed to reasonably inspect the second story deck railing.

64. Plaintiff, Mr. Treiber, was seriously and permanently injured as a direct and proximate result of the Krugs' failure to reasonably inspect the second story deck railing.

65. The Krugs owed to plaintiff, Mr. Treiber, a duty of care to reasonably maintain the House.

66.   The Krugs breached the duty owed to plaintiff, Mr. Treiber, when they failed to reasonably maintain the second story deck railing.

67.   Plaintiff, Mr. Treiber, was seriously and permanently injured as a direct and proximate result of the Krugs' failure to reasonably maintain the second story deck railing.

68.   The Krugs violated Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code when they failed to inspect the House.

69.   The Krugs violated Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code when they failed to maintain the House.

70.   The Krugs' breach of Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code is evidence of their negligence.

71.   The Krugs' breach of Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code was negligent.

72.   The Krugs' breach of Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code directly and proximately resulted in the severe and permanent injuries that were inflicted upon plaintiff, Mr. Treiber.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

**COUNT II – NEGLIGENCE PER SE**
**Michael Treiber**
**v.**
**The Krugs**

73.   Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

74. In failing to inspect the House, the Krugs violated Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code.

75. In failing to maintain the House, the Krugs violated Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code.

76. The Krugs' breach of Avalon Borough Codes, BOCA Codes, Cabo Codes, and the New Jersey State Housing Code directly and proximately resulted in the severe and permanent injuries that were inflicted upon plaintiff, Mr. Treiber.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

### COUNT III – NEGLIGENCE
### Michael Treiber
### v.
### JW Hand & Sons

77. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

78. JW Hand & Sons was hired by the Krugs to properly construct the house and install the railing and it owed a duty of care to install the railing in a non-negligent manner.

79. Upon information and belief, JW Hand & Sons breached this duty when they improperly and negligently installed the railing.

80. JW Hand & Sons owed a duty to sell and/or distribute only railings that were reasonably fit, suitable, and safe for their intended purpose.

81. Upon information and belief, JW Hand & Sons breached this duty when they distributed a railing that was not reasonably fit, suitable, and safe for its intended purpose.

82. Plaintiff, Mr. Treiber, was seriously and permanently injured as a direct and proximate result of JW Hand & Sons' failure to properly install the railing.

83. Plaintiff, Mr. Treiber, was seriously and permanently injured as a direct and proximate result of JW Hand & Sons' distribution of a railing that was not reasonably fit, suitable, and safe for its intended purpose.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

**COUNT IV – NEGLIGENCE**
**Michael Treiber**
**v.**
**Delaware Moulding & Millwork, Railing Dynamics, Inc.,**
**The Moulding & Millwork Co., Inc., and HB&G Building Products**

84. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

85. Delaware Moulding & Millwork, Railing Dynamics, Inc., The Moulding & Millwork Co., and HB&G Building Products owed a duty to sell and/or distribute only railings that were reasonably fit, suitable, and safe for their intended purpose.

86. Upon information and belief, Delaware Moulding & Millwork, Railing Dynamics, Inc., The Moulding & Millwork Co., and HB&G Building Products breached this duty when they distributed a railing that was not reasonably fit, suitable, and safe for its intended purpose.

87. Plaintiff, Mr. Treiber, was seriously and permanently injured as a direct and proximate result of Delaware Moulding & Millwork, Railing Dynamics, Inc., The Moulding & Millwork Co., and HB&G Building Products' distribution of a railing that was not reasonably fit, suitable, and safe for its intended purpose.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

**COUNT V – STRICT PRODUCTS LIABILITY**
**Michael Treiber**
**v.**
**Delaware Moulding & Millwork, Railing Dynamics, Inc., JW Hand & Sons,**
**The Moulding & Millwork Co., Inc., and HB&G Building Products**

88. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

89. Upon information and belief, Delaware Moulding & Millwork, Railing Dynamics, Inc., JW Hand & Sons, The Moulding & Millwork Co., and HB&G Building Products designed, manufactured, distributed, sold, and/or placed into the stream of commerce a railing which was unreasonably dangerous because it was defective in its design, warnings, and/or manufacture.

90. Upon information and belief, the railing which was designed, manufactured, distributed, sold, and/or placed into the stream of commerce by Delaware Moulding & Millwork, Railing Dynamics, Inc., JW Hand & Sons, The Moulding & Millwork Co., and HB&G Building Products was defective when it left the control of each defendant.

91. Upon information and belief, the railing which was designed, manufactured, distributed, sold, and/or placed into the stream of commerce by Delaware Moulding & Millwork, Railing Dynamics, Inc., JW Hand & Sons, The Moulding & Millwork Co., and HB&G Building Products reached the ultimate user without substantial change in the condition in which it was sold.

92. Plaintiff, Mr. Treiber, was a reasonably foreseeable user of the defective railing and he was seriously and permanently injured because the railing was defective.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

### COUNT VI – LOSS OF CONSORTIUM
### Angela Treiber
### v.
### All Defendants

93. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

94. At all times relevant, plaintiff, Mrs. Treiber, was and is the lawful wife of plaintiff, Mr. Treiber.

95. As a direct and proximate result of the negligence, carelessness, recklessness, and other improper conduct of defendants as alleged in this Complaint, plaintiff, Mrs. Treiber, has suffered the loss of the services of her husband, and his companionship, comfort, society, and consortium.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

### COUNT VII – FRAUDULENT CONCEALMENT/INTENTIONAL SPOLIATION
### Plaintiffs
### v.
### The Krugs and JW Hand & Sons

96. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

97. Defendants had an obligation to maintain and protect the brackets, screws, and other components of the railing (collectively "the hardware").

98. All of the hardware from the railing was and is material to plaintiffs' causes of action.

99. The unique nature of the hardware necessarily means that plaintiffs cannot reasonably obtain access to the evidence from another source.

100. Upon information and belief, defendants intentionally withheld, altered or destroyed some of the hardware with the purpose and intent of disrupting this litigation.

101. Plaintiffs will suffer damage in this action because they will have to rely on an evidential record that does not contain all of the hardware from the railing.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

## COUNT VIII – NEGLIGENCE/SPOLIATION
### Plaintiffs
### v.
### The Krugs and JW Hand & Sons

102. Plaintiffs hereby incorporate all of the preceding paragraphs as if set forth herein at length.

103. Defendants had a duty to maintain and protect the hardware from the railing.

104. All of the hardware from the railing was and is material to plaintiffs' causes of action.

105. At all times relevant, defendants were aware that the hardware from the railing was and is material to plaintiffs' causes of action.

106. The unique nature of the hardware necessarily means that plaintiffs cannot reasonably obtain access to the evidence from another source.

107. Upon information and belief, defendants negligently withheld, altered or destroyed of the hardware.

108. As a direct result of defendants' negligence, plaintiffs will suffer damage because they will be unable to prove all of their causes of action without the hardware.

WHEREFORE, plaintiffs demand monetary judgment against defendants in an amount that exceeds One Hundred and Fifty Thousand ($150,000) Dollars, plus interest, costs, punitive damages, and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues in this cause of action.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

The subject matter of this Complaint is not the subject of any other pending court action, arbitration, or administrative proceeding.

### LOCAL CIVIL RULE 201.1(d)(3) CERTIFICATION OF DAMAGES

The undersigned certifies that the damages recoverable in this matter exceed One Hundred and Fifty Thousand ($150,000) Dollars, exclusive of interest, costs, and any claim for punitive damages.

**SHERIDAN & MURRAY, LLC**

Date: May 1, 2009

/s/ Thomas W. Sheridan
BY: THOMAS W. SHERIDAN
CHRISTOPHER D. HINDERLITER

Attorneys for the Plaintiffs