UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL TREIBER and                    :
ANGELA TREIBER,
                                       : Civil Action No 08-1476(KMW)
              Plaintiffs,
                                       :

         v.                            :

ALFRED KRUG, ELFRIEDE KRUG,            :    **CLERK'S OPINION**
J.W. HAND & SONS, RAILING
DYNAMICS, INC.                         :

                                       :

              Defendants.
_____

        This matter comes before the Court on motion [Dkt. Entry

102] for Taxation of Costs by Plaintiffs pursuant to Federal Rule

of Civil Procedure 54(d) and Local Civil Rule 54.1.   The

Plaintiffs are requesting to be reimbursed the amount of

$17,008.17.   The Defendants Railing Dynamics, Inc. and J.W. Hand

& Sons have filed opposition to Plaintiffs' motion.

        This matter proceeded to a ten-day jury trial and on May

20, 2011, the last day of trial, the jury returned a verdict in

favor of Plaintiffs.   Following the verdict [Dkt. Entry 93] the

Court entered judgment [Dkt. Entry 100] in favor of Plaintiffs

Michael and Angela Treiber and against Defendants Alfred and

Elfriede Krug, J.W. Hand & Sons, Inc., and Railing Dynamics,

Inc., in the amount of $2,007,015.19.   The Court entered an Order

granting attorney fees on September 27, 2011.   The record

reflects no Notice of Appeal to the United States Court of

Appeals has been filed.  Therefore, despite Plaintiffs'
assertions, this motion was not ripe for disposition until
October 27, 2011, thirty days after the final post trial motion
had been decided. [1]  See L. Civ. R. 54.1(a).

### I.   Standard Awarding Costs

Under Federal Rule of Civil Procedure 54(d), a prevailing
party is entitled to costs unless the court otherwise directs.[2]
Rule 54(d)(1) creates a "'strong presumption' that costs are to
be awarded to the prevailing party."  In re Paoli R.R. Yard PCB
Litig., 221 F.3d 449, 462 (3d Cir. 2000) (quoting 10 MOORE'S
FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines,
Inc. v. August, 450 U.S. 346, 352 (1981).

a)   Prevailing Party

A party is a prevailing party when that party succeeds on
"any significant issue in litigation which achieved some of the
benefit sought in bringing the suit."  Hensley v. Eckerhart, 461
U.S. 424, 433 (1983).

In the current matter, Plaintiffs are the prevailing party
within the meaning of Federal Rule of Civil Procedure 54(d).  See

---

[1]     Had a Notice of Appeal been filed, the Clerk would have
stayed his decision of this motion pending the Appeal.

[2]     Fed. R. Civ. P. 54(d)(1) states in relevant part:
*Costs other than Attorney's Fees*. Unless a federal statute,
these rules, or a court order provides otherwise, costs-other
than attorney's fees-should be allowed to the prevailing party."

<u>Garonzik v. Whitman Diner</u>, 910 F. Supp. 167, 168 (D.N.J. 1995)
("A prevailing party is the one in whose favor of a judgment is
rendered, regardless of whether the party has recovered its
entire claim or a portion thereof.") (citing <u>Fahey v. Carty</u>, 102
F.R.D. 751 (D.N.J. 1983)); <u>see</u> <u>also</u>, 2 Moore's Federal Practice §
54.101 (3d ed. 2005) ("The cases that have interpreted the
'prevailing party' language of Rule 54(d)(1) generally state
simply that the prevailing party is the party in whose favor
judgment was entered, even if that judgment does not fully
vindicate the litigant's position in the case.").

    b)   <u>Taxable Costs</u>

As noted, Federal Rule Civil Procedure 54(d)(1) states
"unless a federal statute, these rules, or a court order provides
otherwise, costs-other than attorney's fees-should be allowed to
the prevailing party."  Title 28 of the United States Code,
section 1920 defines which costs are taxable:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts
necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies
of any materials where the copies are necessarily
obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees expenses, and costs of
special interpretation services under section 1828 of
this title.

While a Court does have discretion as to which costs it
grants, it many not shift costs beyond those found in § 1920 and

3

§ 1821 without express statutory authorization to do so.  Adams
v. Teamsters Local 115, No. 99-4910, 2007 WL 2071897 at *8 (E.D.
Pa. July 17, 2007)(citing Crawford Fitting Co. v. J.T.Gibbons,
Inc., 482 U.S. 437, 444-45 (1987)).  Additionally, Local Civil
Rule 54.1 "set[s] forth the general rules . . . to follow in
taxing costs" under § 1920.  Lite, N.J. Federal Practice Rules,
Comment 4 to Rule 54.1, at 201 (Gann 2009 ed.).  Therefore, while
a prevailing party is entitled to costs under Rule 54 of the
Federal Rules of Civil Procedure, "those costs often fall short
of the party's actual litigation expenses."  In re Paoli, 221
F.3d at 458 (citations omitted).

## II.  **Fees of the Clerk**

Plaintiffs request reimbursement of the $350.00 filing fee
for filing a Complaint with the Court.  Under 28 U.S.C. §
1914(a), the required filing fee in year 2008 to file a civil
action was $350.00  Additionally, the docket in this matter
reflects that Plaintiffs paid a filing fee of $350.00 when filing
the Complaint.  This expense is an allowable taxed cost under 28
U.S.C. § 1920(1); therefore, the Clerk permits **$350.00** as a
taxable cost.

## III.  **Fees for Service of Summons and Complaint**

Plaintiffs request reimbursement of $195.36 paid to a
private server of process to serve the complaint in this matter.
While Section 1921(1) authorizes taxation of costs of the "clerk

and marshal," this Court has held that fees paid to private servers of process (serving summons/complaint and subpoena(s)) should be a taxable item.  <u>Hurley v. Atlantic City Police Dep't</u>, No. 93-260, 1996 WL 549298, at *8 (D.N.J. Sept. 17, 1996).  Therefore, the amount of **$195.36** is an allowable taxable cost.

**IV.** <u>**Deposition Transcripts**</u>

a) <u>Videotaped Depositions.</u>  Videotaped depositions are frequently used to preserve the testimony of witnesses who are unlikely to be available at trial.  For example, a videotaped *de bene esse* deposition is an effective way to preserve the testimony of a witness who, due to health reasons, may be unavailable to testify at trial or the unavailability of a medical doctor to testify at trial.  In addition, videotaped depositions have been useful and beneficial where the deponent is expected to appear at trial, and the deposing party, for tactical reasons, would like to use the videotaped deposition so the jury can observe the demeanor of the witness during the deposition.  However, despite the tactical reasons for using videotaped depositions at trial, in actuality, a party needs only a deposition transcript to refer to or use on direct or cross examination during trial.

Here, Plaintiffs request reimbursement for what appears to be two videotaped deposition transcripts taken in this matter.  It is not clear from Plaintiffs' papers which depositions were

videotaped.  Only in Plaintiffs' Reply to Defendants' Opposition
to their motion do Plaintiffs refer to *de bene esse* depositions
of Hemangin Mehta, M.D. and Norman Flaster.  Similarly, only in
Plaintiffs' Reply is it explained how each deposition was
obtained for "use" in the case.

Fees of the court reporter for printed or electronically
recorded transcripts necessarily obtained for "use" in the case
are taxable costs.  See 28 U.S.C. § 1920(2) (allowing "[f]ees for
printed or electronically recorded transcripts necessarily
obtained for use in the case" (emphasis added)).  Local Civil
Rule 54.1(g)(7) states in relevant part,

> In taxing costs, the Clerk shall allow all or
> part of the fees and charges incurred in the
> taking and transcribing of depositions used at
> the trial under Fed. R. Civ. P. 32. [3] Fees and
> charges for the taking and transcribing of any
> other deposition shall not be taxed as costs
> unless the Court otherwise orders.

The Clerk notes that when Section 1920(2) was amended in 2008 to
include electronically recorded transcripts, the conjunction "or"
was inserted instead of "and."  As such, the Clerk generally does
not allow recovery of the costs of both the transcriptions and
videotaping in the absence of a showing that both were
necessarily obtained for "use" in the case.  See Cherry v.

---

[3]    Fed. R. Civ. P. 32 governs use of depositions in Court
proceedings such as at a trial or during a hearing of a motion
"as to any part or all of a deposition, so far as admissible
under the rules of evidence. . .  ."

6

Champion Int'l Corp., 186 F.3d 442 (4th Cir. 1999) (finding prevailing party must show why both videotaped and printed transcripts are necessary for trial in order to recover for both formats). See also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471 (10th Cir. 1997) (permitting video transcripts to be taxed if necessarily obtained for use in the case as required by § 1920(2)).

| Deponents *de bene esse* | Amount |
|---|---|
| Norman Flaster | $ 953.80 |
| Hemangin Mehta, M.D. | $ 702.92 |

In this case, it is not clear from Plaintiffs' invoices for the above witnesses as to the break down as to the cost of the video portion of the depositions or the cost incurred in obtaining the transcripts of these deponents.  The Clerk will not penalize Plaintiffs for lack of documentation and will allow Plaintiffs to be reimbursed for costs incurred for the above two videotape depositions that were used at trial.  Additionally, the costs incurred in taking their depositions as to these two witnesses appear to be reasonable considering the circumstances of this matter.  The Clerk allows Plaintiffs to be reimbursed for *de bene esse* depositions in the amount of **$1,656.72**, as taxable costs.

b) Deposition Transcripts

*Mitchell Hand and Richard Forest*  Plaintiffs request reimbursement of $1,935.27 for obtaining the transcripts of Mitchell Hand and Richard Forest.  Plaintiffs assert that Mitchell Hand's deposition was used numerous times during the trial such as direct examinations of Afred Krug and Mitchell Hand. Similarly, according to Plaintiffs, Richard Forest's deposition was used numerous times during direct examinations of Mitchell Hand and Daniel Honig.  (Pls.' Reply p. 5.) The Clerk finds that the deposition transcripts of Mitchell Hand and Richard Forest were necessarily obtained for "use" in this case and, therefore, allows Plaintiffs to be reimbursed for costs incurred in obtaining the deposition transcript in the amount of **$1,935.27** as taxable costs.

*Christopher Terrels*  Plaintiffs request reimbursement of $3,158.89 for obtaining the transcript of this deponent. Plaintiffs contend that this deposition was used numerous times during trial such as on direct examination of Terrels and during the direct examination of Daniel Honig. (Pls.' Reply p. 5.)  The Clerk finds that the deposition transcript of Christopher Terrels was necessarily obtained for "use" in this case and, therefore, allows Plaintiffs to be reimbursed for costs incurred in obtaining the deposition transcript in the amount of **$3,158.89** as taxable costs.

8

*Alfred Krug and Andrew Terrels*   Plaintiffs request reimbursement of $1,606.35 for obtaining the transcripts of Krug and Terrels.  Plaintiffs claim that these depositions were used numerous times during their direct examinations of each witness. (Pls.' Reply p. 5.)  Based on Plaintiffs' explanation as to how each of these depositions was "used" at trial, the Clerk finds that the deposition transcripts of Alfred Krug and Andrew Terrels were necessarily obtained for "use" in this case and, therefore, allows Plaintiffs to be reimbursed for costs incurred in obtaining the deposition transcript in the amount of **$1,606.35** as taxable costs.

### V.   Witness Appearance

Plaintiffs request reimbursement for a witness fee for Sara Crane in the amount of $20.00.  Fees for witnesses are taxable costs under 28 U.S.C. § 1920(3).  The Clerk allows the **$20.00** as taxable costs.

### VI. Fees for Printing and Photocopying Papers

a) *Printing*  Plaintiffs request reimbursement of $783.03 in printing costs.  Copying fees are taxable as costs where the copies are "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  This subsection of the statute was amended in 2008.[4]

---

[4]      Before 2008, the subsection read "Fees for exemplification and copies of papers necessarily obtained for use in the case."

9

Section 1920(4) now reads "Fees for exemplification and the <u>costs</u> <u>of making copies of any materials where the copies</u> are necessarily obtained for use in the case." (emphasis added.) Local Civil Rule 54.1(g)(9) takes a narrower view and places two limiting criteria on the taxation of costs for copying documents. The documents must both be admitted into evidence or necessarily attached to a document required to be filed and served in support of a dispositive motion *and* the copies must be in lieu of originals which are not introduced at the request of opposing counsel. <u>See</u> L.Civ.R. 54.1(g)(9). The Clerk takes the broader view of the statute in deciding which copying costs are allowed. <u>See</u> <u>Hurley v. Atlantic City Police Dep't</u>, No. 93-260, 1996 WL 549298, at *5 (D.N.J. Sept. 17, 1996) (citing <u>Haagen-Dazs Co. v.</u> <u>Double Rainbow Gourmet Ice Creams, Inc.</u>, 920 F.2d 587, 588(9th Cir. 1990) (per curiam) (allowing costs for documents not offered into evidence at trial and that were used by the attorneys both inside and outside the courtroom)).

Plaintiffs' printing costs were incurred by using an outside vendor. Although Plaintiffs do not explain in their motion papers nor in their Reply why certain records were printed or photocopied and whether these documents were indeed necessarily obtained for "use" in the case. Nevertheless, after reviewing numerous pages of invoices submitted in this matter, the Clerk determines that printing expenses of certain documents were

necessarily obtained for "use" in the litigation of this case.
Additionally, the invoices reflect that the amount the outside
vendor charged per page for printing was not excessive.
Therefore, the Clerk allows **$783.03** as taxable costs.

b)  *Photocopying*   Plaintiffs request reimbursement of
$818.75 for photocopying certain medical records.  For the
reasons give above, the Clerk determines that photocopying of
medical records and other similar documents were necessarily
obtained for "use" in the litigation of this case.  Therefore,
the Clerk allows the amount of **$818.75** as taxable costs.

### VII.  <u>Fees for Visual Aids</u>

Plaintiffs request reimbursement in the amount of $6,463.80
for costs incurred for preparing color charts which were enlarged
to assist the jury in understanding the testimony of the case.
To be recoverable as taxable costs, such expenses must have been
incurred for copies that were necessarily obtained for use in the
case.  28 U.S.C. § 1920(4).  Additionally, L. Civ. R. 54.1(g)(10)
states that "[t]he reasonable expense of preparing visual aids
including, but not limited to, maps, charts, photographs, motion
pictures and kindred material, is taxable as costs when such
visual aids are admitted into evidence."   Some courts have
rejected a bright-line rule when determining whether
exemplification costs of trial exhibits and reproduction costs of
documents and exhibits are taxable.  <u>See</u>  <u>Tilton v. Capital</u>

11

Cities/ABC, Inc., 115 F.3d 1471, 1476 (10th Cir. 1997) (rejecting a bright-line rule and instead stating that a court should "examine whether the circumstances in a particular case justify an award of costs for trial exhibits."). Similarly, these costs are taxable under 28 U.S.C. § 1920 even if the documents are not offered into evidence at trial. Hurley, 1996 WL 549298, at *3 (citing Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) and Illinois v. Sangamo Constr. Co., 657 F.2d 855, 857 (7th Cir. 1981)).

As noted above, Plaintiffs request reimbursement for charts and four medical illustrations which were enlarged for the convenience of the jury to view and which were reasonably necessary for the jury to understand the case. The Clerk allows the amount of **$6,463.80** as a taxable cost.

**VIII.   Docket Fee**

Plaintiffs request and the Clerk allows the **$20.00** Docket Fee allowed under 28 U.S.C. § 1828.

12

The following expenses will be allowable as taxable costs:

| 1. Filing Fee | $   350.00 |
|---|---|
| 2. Service of Complaint | $   195.36 |
| 3. *De bene esse* Depositions | $ 1,656.72 |
| 4. Deposition Transcripts | $ 6,700.51 |
| 5. Witness Fee | $    20.00 |
| 6. Printing and Photocopying | $ 1,601.78 |
| 7. Visual Aids | $ 6,463.80 |
| 8. Docket Fee | $    20.00 |

| **TOTAL** | **$17,008.17** |
|---|---|

For the reasons set forth above, motion of Plaintiffs Michael and Angela Treiber to tax costs against Defendants Alfred and Elfriede Krug, J.W. Hand & Sons, Inc., and Railing Dynamics, Inc., is hereby **GRANTED**.  An appropriate Order follows.

WILLIAM T. WALSH, CLERK

BY: S/John T. O'Brien
    Deputy Clerk

November 4, 2011

13